40 So.2d 652

**LAZANA v. STATE.**

4 Div. 79.

Court of Appeals of Alabama.
April 19, 1949.

Rehearing Denied May 3, 1949.

John C. Walters, of Troy, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for the offense of removing personal property on which there was a lien with the purpose of defrauding the lienor, having knowledge at the time of such claim, an offense denounced by Section 363, Title 14, Code of Alabama 1940.

His jury trial resulted in a verdict and judgment of guilty, and the imposition of a sentence to the penitentiary for a term of two years.

Wilson E. Andrews, a witness for the State, testified that he was a mechanic, and that his place of business was the same on the day of the alleged offense as at the time of trial.

On 20 September 1947 the appellant brought an automobile to him for the purpose of installing a new motor. He told him that the cost would be around $178.00.

Andrews worked on the automobile from Friday morning until about Saturday at "dinner time." It is inferable from the record that this appellant assisted to some extent in the work, though to what extent is not clear. The work was done in front of Andrews' shop. According to Andrews his bill, after the work was done, was $186.96. Andrews further testified that while he was in his shop between 8 and 9 o'clock on Saturday night of the day the work was completed the appellant drove the automobile away without permission.

In his own behalf the appellant testified that in September 1947 he and his wife had taken his automobile to Andrews for repairs. Andrews gave Mrs. Lazana an estimate of the repair costs, and told appellant the costs would be about $170.00. She returned to Panama City, Florida, but was to come back later to Ozark. Appellant assisted in the work on the automobile.

When they finished work on the automobile around 2:30 Saturday afternoon he and Andrews went to Dothan in the automobile. There according to appellant Andrews procured a quantity of whiskey, beer and wine, which they began drinking. They returned to Ozark, where they continued drinking. Appellant claims he became drunk, and when he came to he was in the automobile parked at his Mother-in-law's home near Ariton. Appellant contends he did not drive the car away as he was too drunk.

He and his wife later returned to Panama City. About two weeks afterwards

Andrews came to the garage where appellant was working and asked appellant if he or his wife had a receipt for the bill on the car. Appellant replied that his wife had told him she had paid the bill, but that neither one had a receipt for the payment.

Appellant further testified he had driven the car back to Alabama a "lot of times," "at least once a month."

Mrs. Lazana, a witness in her husband's behalf, testified that when they took the automobile to Andrews for repairs he informed them that the costs would be $140.00 for a new motor, and about $25.00 for his work. Andrews had done work for them before.

Mrs. Lazana returned to Panama City to get the money for the repairs. When she returned to Ozark around nine o'clock on Saturday night she went to Andrews' place and at first could find no one. Finally Andrews came out. She smelled liquor, and asked if her husband was drinking, and received an affirmative reply. She then paid Andrews the money she had borrowed, $175.00, less the cost of her ticket from Panama City, which was around $2.50. No receipt was mentioned, and none was given.

According to Mrs. Lazana, Andrews was drinking, and her husband was "really tight." Andrews suggested they drive to Ariton. After driving awhile Andrews turned around and returned to his shop. He then said he would drive them to Ariton, "but got off to get some beer out of his shop, but I told him I didn't want it. I said Gene, I am gone, and he went around to the back of the car and I drove off."

Mrs. Lazana said her husband at no time drove the car, and was so drunk when they got to Ariton that he spent the night in the car.

In rebuttal Andrews testified that Mrs. Lazana had never paid him any money on the night in question.

He further testified that when Mrs. Lazana returned from Panama City without any money the appellant then requested that he drive appellant and Mrs. Lazana to Ariton, and appellant could bring the car back. On this trip according to Andrews: "Hays was driving and we went about four miles up the highway and he said, Let's go back and get the bill, I believe we can get the money up there from somebody, and we come back to the shop and he said, There ain't no gas in here, and I said, Drive down to Mr. Smith's and I will put in some, and we went down there and got the gas and come back and when I started in the house he started off real fast and I got in my car and took after him and they out ran me."

Appellant's counsel urges four propositions in support of contentions that this cause should be reversed.

■ First: That Andrews' lien was imperfect, in that he had an undivided claim because the appellant had assisted in working on the car.

This point is without merit. Both appellant and his wife testified that Andrews had given them an estimate as to the amount of his charge prior to undertaking the repairs on appellant's car. Both likewise testified as to the amount Andrews claimed for his work after completing the repairs. Mrs. Lazana claimed she paid these charges, an assertion strenuously denied by Andrews.

■ Second: That it is not shown that Andrews was a mechanic at the time the alleged lien arose.

Mrs. Lazana testified that the car was carried to Andrews for repairs, because he had done work for them before. Andrews testified that he was a mechanic, and the location of his shop was the same at the time of the repairs as on the day of this trial. We think this testimony a completely adequate basis from which the jury could infer that Andrews was a mechanic at the time he made the repairs on the car.

■ Third: That the preponderance of the evidence shows that Andrews voluntarily parted with the car and thereby lost his lien.

While it is true that on the partially completed trip to Ariton the appellant drove the car, the jury was fully warranted in inferring from Andrews' testimony that

appellant had nothing more than a bare license to operate the car on the trip to Ariton, it being understood that Andrews was to return the car and hold it for his charges. This action in no way displaced Andrews' possession of the car, nor affected his lien.

 Fourth: That the court erred in sustaining the State's objections to questions seeking to show that Lazana had returned the car to Alabama on several occasions subsequent to the original taking.

It appears that the objections and rulings by the court were made after the answers to these questions had been made. This aside however, the questions sought to elicit testimony immaterial to the issues of this case. While intent is of course material to the offense here being considered, this intent is referable to the time of the commission of the offense. The fact that appellant may have returned the car to Alabama after the original taking sheds no light on the criminality of his intent when he wrongfully absconded with the automobile. Even appellant does not contend that when he returned the car to this State that any effort was made to apprise Andrews of its location or to return it to him.

Affirmed.

BRICKEN, P. J., not sitting.